

Tracy Thompson (SBN 88173)
  tt@millerlawgroup.com
M. Michael Cole (SBN 235538)
  mmc@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
FOOT LOCKER RETAIL, INC.

**CLERK, U.S. DISTRICT COURT**
**FILED**

**MAR - 8 2013**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOHN GHATTAS, an individual, on
behalf of himself and on behalf of all
persons similarly situated,

　　　　　Plaintiff(s),

v.

FOOT LOCKER RETAIL, INC., a New
York Corporation; and DOES 1 through
50, inclusive,

　　　　　Defendant(s).

Case No. **CV 13-01678-PA (JPR)**

**NOTICE OF DEFENDANT FOOT
LOCKER RETAIL, INC. OF
REMOVAL OF ACTION FROM
STATE COURT PURSUANT TO
FEDERAL QUESTION
JURISDICTION UNDER 28 U.S.C.
§§ 1331 AND 1441**

Complaint filed:  January 25, 2013

///
///
///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

---

1

NOTICE OF REMOVAL OF ACTION FROM STATE COURT UNDER 28 US.C. §§ 1331 AND 1441
Case No.: _____

TO THE ABOVE-ENTITLED COURT AND TO THE PLAINTIFF:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant FOOT LOCKER RETAIL, INC., hereby removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California as described below.

## I.

## INTRODUCTION

1.     This Court has original jurisdiction over this action under the federal question jurisdiction statute.   28 U.S.C. § 1331.   In relevant part, the federal question jurisdiction statute grants district courts original jurisdiction over civil actions which allege a claim arising under the laws of the United States.   As set forth below, this case meets all of the federal question jurisdiction statute's requirements for removal and is timely and properly removed by the filing of this Notice.   In addition, as set forth below, the Court has supplemental jurisdiction over all state claims contained in the Complaint, as they are so related to the claims in the action that are within the Court's original jurisdiction that they form part of the same controversy pursuant to 28 U.S.C. § 1367(a).

## II.

## PLEADINGS AND PROCEDURAL HISTORY

2.     On January 25, 2013, an action was commenced in the Superior Court of the State of California, for the County of Los Angeles, entitled *John Ghattas, an individual, on behalf of himself and on behalf of all persons*

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

*similarly situated, v. Foot Locker Retail, Inc., a New York Corporation; and Does 1 through 50, inclusive,* Case No. BC499530 ("Complaint").

      3.    The Complaint alleges the following five causes of action: (1) Unfair Competition in Violation of Cal. Bus. and Prof. Code §§ 17200 *et. seq.*; (2) Failure to Pay Overtime Wages in Violation of Cal. Lab. Code §§ 510 *et. seq.*; (3) Failure to Provide Accurate Itemized Wage Statements in Violation of Cal. Lab. Code § 226; (4) Failure to Provide Wages When Due in Violation of Cal. Lab. Code §§ 201, 202, and 203; and (5) Failure to Pay Overtime Compensation in Violation of 29 U.S.C. §§ 201 *et. seq.*  A true and correct copy of the Complaint is attached as **Exhibit A**.

      4.    Foot Locker's statutory agent, CT Corporation, was served with the Complaint on or about February 6, 2013.  Foot Locker was also served with the following: the Civil Case Cover Sheet and Civil Case Cover Sheet Addendum and Statement of Location.   True and correct copies of these documents served upon Foot Locker (with the exception of the Complaint which is already attached as Exhibit A) are collectively attached as **Exhibit B.**

      5.    On March 7, 2013, Foot Locker filed an answer to Plaintiff's Complaint in the Los Angeles County Superior Court.  A true and correct copy of that Answer is attached and incorporated as **Exhibit C**.

      6.    No further proceedings have been had, and fewer than thirty (30) days have elapsed since this action became removable to this Court.   In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court.

///

///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

NOTICE OF REMOVAL OF ACTION FROM STATE COURT UNDER 28 US.C. §§ 1331 AND 1441
Case No.: _____

## III.

## FEDERAL QUESTION JURISDICTION

7.     This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331, which provides that federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treatises of the United States."  Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441(b) because Plaintiff's Fifth Cause of Action arises under federal law, namely, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 *et. seq.*

## IV.

## SUPPLEMENTAL JURISDICTION

8.     This Court has supplemental jurisdiction over any remaining state law claims pleaded in the Complaint, as they are part of the same case or controversy.   28 U.S.C. § 1367(a); *City of Chicago v. Int'l College of Surgeons,* 552 U.S. 156, 165, 118 S. Ct. 523, 530, 139 L. Ed. 2d 525 (1997).  This Court should also exercise supplemental jurisdiction over Plaintiff's remaining state law claims in the interest of fairness, convenience and judicial economy.   Under 29 U.S.C. § 1367(a), the exercise of supplemental jurisdiction over state law claims is proper where those claims "form part of the same case or controversy under Article III of the United States Constitution" as the federal question claims over which this Court has original jurisdiction.  Pursuant to *United Mine Workers v. Gibbs,* the test for whether claims arise out of the same case or controversy is whether they share a "common nucleus of operative facts," such that a plaintiff "would ordinarily be expected to try them all in a single jurisdictional proceeding." *United Mine Workers,* 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966) (*superseded by* 28 U.S.C. § 1367).   Here, all of Plaintiff's claims are

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

closely related to and inseparable from one another because they all arise out of the same allegations of misconduct by Defendant.  (*See generally,* Complaint). For that reason, Plaintiff seeks to try them all in a single action, and this Court should exercise supplemental jurisdiction to do so.

## V.

## <u>VENUE</u>

9.     The Superior Court of the State of California for the County of Los Angeles is located within the Central District of California.  Accordingly, this action is properly removed to this Court.  28 U.S.C. § 84(c)(2).

## VI.

## <u>NOTICE TO PLAINTIFF AND SUPERIOR COURT</u>

10.     Written Notice of the Removal of this action to the United States District Court for the Central District of California will be filed with the Clerk of the Superior Court for the County of Los Angeles, and sent via First Class U.S. Mail to Plaintiff's counsel.  A true and correct copy of the Notice to Superior Court and to Adverse Party of Removal of Action to Federal Court is attached and incorporated herein as **Exhibit D**.

///
///
///
///
///
///
///

NOTICE OF REMOVAL OF ACTION FROM STATE COURT UNDER 28 US.C. §§ 1331 AND 1441
Case No.: _____

1       WHEREFORE, Defendant Foot Locker Retail, Inc. hereby removes

2 the above-entitled action now pending before the Superior Court of the State of

3 California, County of Los Angeles to this Court.

4

5

6 Dated:  March 8, 2013                MILLER LAW GROUP
                                      A Professional Corporation

7

8

9                                    By: _____

10                                    Tracy Thompson
                                   M. Michael Cole

11                                    Attorneys for Defendant
                                   FOOT LOCKER RETAIL, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 4816-8174-2099, v.  1

NOTICE OF REMOVAL OF ACTION FROM STATE COURT UNDER 28 US.C. §§ 1331 AND 1441
Case No.: _____

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**CERTIFICATE OF SERVICE**

I, KC DAVIS, declare that I am employed at Miller Law Group, A Professional Corporation, whose address is 111 Sutter Street, Suite 700, San Francisco, CA 94104; I am over the age of eighteen (18) years and am not a party to this action.  On the below date, by the method noted below, I served the following document(s):

1. **UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA CIVIL COVER SHEET;**

2. **NOTICE OF DEFENDANT FOOT LOCKER RETAIL, INC. OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1441; AND**

3. **CERTIFICATION AND NOTICE OF INTERESTED PARTIES [Local Rule 7.1-1]**

on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Norman B. Blumenthal (SBN 68687)       Attorney for Plaintiff:  *JOHN GHATTAS*
Kyle R. Nordrehaug (SBN 205985)
Aparajit Bhowmik (SBN 248066)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA  92037
Tel:   (858) 551-1223
Fax:   (858) 551-1232
Email:  norm@bamlawlj.com;
          kyle@bamlawlj.com; aj@bamlawlj.com

☒   **BY MAIL:**  By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the ordinary course of business for collection and mailing on this date at Miller Law Group, 111 Sutter Street, San Francisco, California. I declare that I am readily familiar with the business practice of Miller Law Group for collection and processing of correspondence for mailing with the United States Postal Service and that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 8, 2013 at San Francisco, California.

_KC Davis_
KC DAVIS

4852-1620-6098, v. 1

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

EXHIBIT A

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
    Norman B. Blumenthal (State Bar #068687)
2   Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Website: www.bamlawca.com

6  Attorneys for Plaintiff

91306
AN024

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 25 2013

JOHN A CLARKE, EXECUTIVE OFFICER/CLERK
BY _____ Deputy

7

8          CCW D311 Shepard Wiley Jr.

9

10

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12          **IN AND FOR THE COUNTY OF LOS ANGELES**

13

| | |
|---|---|
| 14  JOHN GHATTAS, an individual, on behalf of himself and on behalf of all persons similarly situated, | Case No. **BC 499530** |
| 15 | |
| 16 | **CLASS ACTION COMPLAINT FOR:** |
| 17      Plaintiff, | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; |
| 18  vs. | |
| 19  FOOT LOCKER RETAIL, INC., a New York Corporation; and Does 1 through 50, Inclusive, | 2. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*; |
| 20 | |
| 21 | 3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; |
| 22      Defendants. | |
| 23 | 4. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and |
| 24 | |
| 25 | 5. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §§ 201, *et seq.* |
| 26 | |
| 27 | **DEMAND FOR A JURY TRIAL** |
| 28 | |

1
CLASS ACTION COMPLAINT

Exhibit A

1    Plaintiff John Ghattas ("PLAINTIFF"), an individual, on behalf of himself and all other

2  similarly situated current and former employees, alleges on information and belief, except for

3  his own acts and knowledge which are based on personal knowledge, the following:

**THE PARTIES**

5    1.    Defendant Foot Locker Retail, Inc. ("FOOT LOCKER" or "DEFENDANT") at

6  all relevant times mentioned herein conducted and continues to conduct substantial business in

7  the State of California.

8    2.    FOOT LOCKER is a leading retailer of athletic shoes and apparel, with more than

9  3,350 stores in 20-plus countries in North America and Europe.  The company's 1,900-store

10  namesake Foot Locker chain is the #1 seller of name-brand (NIKE) athletic footwear in the

11  United States.  The company also operates stores under the Lady Foot Locker, Kids Foot

12  Locker, Footaction, Champs Sports, and CCS Banners.  In addition to its brick-and-mortar

13  business, FOOT LOCKER markets sports gear through its direct-to-customer unit, which

14  consists of catalog retailer Eastbay and Footlocker.com.

15    3.    Plaintiff John Ghattas  was employed by FOOT LOCKER in a California retail

16  location from February of 2012 to August of 2012 and was at all times relevant mentioned

17  herein classified by FOOT LOCKER as a non-exempt employee paid in whole or in part on an

18  hourly basis and received additional compensation from FOOT LOCKER in the form of non-

19  discretionary bonuses.

20    4.    PLAINTIFF brings this Class Action on behalf of himself and a California class,

21  defined as all individuals who are or previously were employed by Defendant Foot Locker

22  Retail, Inc. as a non-exempt employee at a retail store in California (the "CALIFORNIA

23  CLASS") at any time during the period beginning four (4) years prior to the filing of this

24  Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS

25  PERIOD").

26    5.    State law provides that employees must be paid overtime at one-and-one-half

27  times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were

28  compensated at an hourly rate plus bonus pay that was tied to specific elements of an

Exhibit A

1    employee's performance.

2        6.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

3    Members' compensation was FOOT LOCKER's non-discretionary bonus program that paid the

4    PLAINTIFF and other CALIFORNIA CLASS Members bonus wages based on their

5    performance for FOOT LOCKER.   The non-discretionary bonus program provided all

6    employees paid on an hourly basis with bonus compensation when the employees met the

7    various performance goals set by FOOT LOCKER. However, when calculating the regular rate

8    of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members,

9    FOOT LOCKER failed and still fails to include the bonus compensation as part of the

10   employees' "regular rate of pay" for purposes of calculating overtime pay. Management and

11   supervisors described the bonus program to potential and new employees as part of the

12   compensation package.  As a matter of law, the bonus compensation received by the

13   PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate

14   of pay."   The failure to do so has resulted in a systematic underpayment of overtime

15   compensation to PLAINTIFF and other CALIFORNIA CLASS Members by FOOT LOCKER.

16       7.    During the CALIFORNIA CLASS PERIOD, FOOT LOCKER also engaged in

17   the uniform and systematic practice of requiring PLAINTIFF and the CALIFORNIA CLASS

18   Members to routinely perform work off the clock after clocking out in that FOOT LOCKER,

19   as a condition of employment, required these employees to wait for and submit to loss

20   prevention inspections after clocking out for meal breaks and at the end of each scheduled shift

21   for which FOOT LOCKER did not provide compensation for time spent waiting and performing

22   the loss prevention inspections off the clock.  As a result, the PLAINTIFF and other

23   CALIFORNIA CLASS Members forfeited hours worked by regularly working without their

24   time being correctly recorded and without compensation at the applicable overtime rates. FOOT

25   LOCKER's uniform policy and practice not to pay PLAINTIFF and other CALIFORNIA

26   CLASS Members for all hours worked, including overtime hours, is evidenced by FOOT

27   LOCKER's business records.

28       8.    After PLAINTIFF and CALIFORNIA CLASS Members clocked out for meal

CLASS ACTION COMPLAINT

**Exhibit A**

1  breaks, they were required to wait for and submit to loss prevention inspections before they
2  were permitted to exit their stores.  These inspections were part of a loss prevention policy
3  designed for the sole and exclusive benefit of FOOT LOCKER.  The inspections were meant
4  to ensure that FOOT LOCKER's workers did not steal company merchandise.  These loss
5  prevention inspections were a term and condition of employment and, thus, waiting for and
6  undergoing these inspections constituted compensable work time.  FOOT LOCKER failed to
7  pay for this work time, which added 10 minutes or more of unpaid work in a day per employee.

8       9.     At the end of their shifts, PLAINTIFF and all other CALIFORNIA CLASS
9  Members were instructed by managers to clock out of FOOT LOCKER's timekeeping system
10  and then proceed to a store exit for a loss prevention inspection by a member of FOOT
11  LOCKER's management team.  The time PLAINTIFF and the other CALIFORNIA CLASS
12  Members spent waiting for and submitting to the loss prevention inspections constituted
13  compensable work time.  This process added 10 minutes or more of unpaid work in a day per
14  employee. FOOT LOCKER failed to compensate PLAINTIFF and the CALIFORNIA CLASS
15  for any of their time spent working during the loss prevention inspection process.

16       10.    As a result of the miscalculation of the overtime rate and the off the clock work
17  that these employees were subjected to the wage statements issued to PLAINTIFF and other
18  CALIFORNIA CLASS Members violate California law, and in particular, Labor Code Section
19  226(a), because the wage statements failed to accurately show the correct overtime rate and total
20  gross wages earned for particular pay periods.

21       11.    PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA
22  CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during
23  the CALIFORNIA CLASS PERIOD caused by FOOT LOCKER's uniform policy and practice
24  which failed to lawfully compensate these employees for all their overtime hours worked.
25  FOOT LOCKER's uniform policy and practice alleged herein was an unlawful, unfair and
26  deceptive business practice whereby FOOT LOCKER retained and continues to retain wages
27  due PLAINTIFF and the other members of the CALIFORNIA CLASS.  PLAINTIFF and the
28  other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by

Exhibit A

1   FOOT LOCKER in the future, relief for the named PLAINTIFF and the other members of the

2   CALIFORNIA CLASS who have been economically injured by FOOT LOCKER's past and

3   current unlawful conduct, and all other appropriate legal and equitable relief.

4       12.     FOOT LOCKER had different shifts with different non-exempt employees paid

5   on an hourly basis working during each shift. Although the specific time of each shift differed,

6   the hours spent working during the shifts were nearly identical in every way.   Thus,

7   PLAINTIFF's and other CALIFORNIA CLASS Members' typical workweek required them to

8   perform work in excess of eight (8) hours in a workday and forty (40) hours in a workweek.

9   PLAINTIFF and other members of the CALIFORNIA CLASS worked overtime hours in the

10  same pay period in which they received non-discretionary bonus compensation.

11      13.     The true names and capacities, whether individual, corporate, subsidiary,

12  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently

13  unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names

14  pursuant to Cal. Civ. Proc. Code § 474.   The PLAINTIFF will seek leave to amend this

15  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they

16  are ascertained.  PLAINTIFF is informed and believes, and based upon that information and

17  belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50,

18  inclusive, are responsible in some manner for one or more of the events and happenings that

19  proximately caused the injuries and damages hereinafter alleged.

20      14.     The agents, servants and/or employees of the Defendants and each of them

21  acting on behalf of the Defendants acted within the course and scope of his, her or its authority

22  as the agent, servant and/or employee of the Defendants, and personally participated in the

23  conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

24  Consequently, the acts of each Defendant are legally attributable to the other Defendants and

25  all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the

26  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

27  Defendants' agents, servants and/or employees.

28  ///

Exhibit A

**THE CONDUCT**

15.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for their overtime hours worked. DEFENDANT systematically, unlawfully and unilaterally failed to accurately calculate wages for overtime hours worked by the PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying these employees the correct overtime compensation. As a result, the PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due them for regularly working overtime without compensation at the correct overtime rates. DEFENDANT's uniform policy and practice to not pay the members of the CALIFORNIA CLASS the correct overtime rate for all overtime hours worked in accordance with applicable law is evidenced by DEFENDANT's business records.

16.     During the CALIFORNIA CLASS PERIOD, DEFENDANT engaged in the uniform and systematic practice of requiring PLAINTIFF and the CALIFORNIA CLASS Members to routinely perform work off-the-clock for which they were not compensated. DEFENDANT failed to accurately record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all hours worked, including overtime hours worked. Although, PLAINTIFF and CALIFORNIA CLASS Members would clock out for a mid-shift meal, PLAINTIFF and CALIFORNIA CLASS Members were always required to perform one additional, final job task before they were permitted to exit the store for their meal break in that DEFENDANT required them to wait for and submit to a loss prevention inspection before they were permitted to leave the store premises. At the end of PLAINTIFF's and CALIFORNIA CLASS Members' shifts DEFENDANT also required PLAINTIFF and the CALIFORNIA CLASS Members to clock out of DEFENDANT's timekeeping system and then proceed to the front of the store in order to submit to a loss prevention inspection by a member of DEFENDANT's management team. The time PLAINTIFF and other CALIFORNIA CLASS Members spent waiting for and submitting themselves to these mid-shift and after-shift loss prevention inspections constituted

Exhibit A

1   compensable work time and this process often added 10 minutes or more of unpaid work per

2   shift for PLAINTIFF and other CALIFORNIA CLASS Members.  DEFENDANT failed to

3   compensate PLAINTIFF and the other CALIFORNIA CLASS Members for any of their

4   time spent working during these loss prevention inspections.  As a result, the PLAINTIFF

5   and the other members of the CALIFORNIA CLASS forfeited hours worked by regularly

6   working off the clock without their time worked waiting for and submitting to the loss

7   prevention inspections being correctly recorded and without compensation being paid for all

8   hours worked, including overtime hours worked.

9         17.    In violation of the applicable sections of the California Labor Code and the

10   requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as

11   a matter of company policy, practice and procedure, intentionally, knowingly and

12   systematically failed to compensate the PLAINTIFF and the other members of the

13   CALIFORNIA CLASS at the correct rate of pay for all hours worked, including overtime

14   hours worked.  This uniform policy and practice of DEFENDANT was intended to

15   purposefully avoid the payment of the correct overtime compensation as required by

16   California law which allowed DEFENDANT to illegally profit and gain an unfair advantage

17   over competitors who complied with the law.  To the extent equitable tolling operates to toll

18   claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS

19   PERIOD should be adjusted accordingly.

20         18.    DEFENDANT also failed to provide the PLAINTIFF and the other members

21   of the CALIFORNIA CLASS with complete and accurate wage statements which failed to

22   show, among other things, the correct overtime rate for overtime hours worked, including,

23   work performed in excess of eight (8) hours in a workday and forty (40) hours in any

24   workweek. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or

25   her employees with an accurate itemized wage statement in writing showing, among other

26   things, gross wages earned and all applicable hourly rates in effect during the pay period and

27   the corresponding number of hours worked at each hourly rate.  As a result, DEFENDANT

28   provided the PLAINTIFF and the other members of the CALIFORNIA CLASS with wage

7

CLASS ACTION COMPLAINT

**Exhibit A**

1    statements which violated Cal. Lab. Code § 226.

2        19.    In addition, PLAINTIFF and other CALIFORNIA CLASS Members were not

3    provided with a full, 30-minute meal period.  DEFENDANT failed to provide all the legally

4    required off-duty meal and rest breaks to the PLAINTIFF and the other CALIFORNIA

5    CLASS Members as required by the applicable Wage Order and Labor Code.  As a result,

6    DEFENDANT's failure to provide the PLAINTIFF and the CALIFORNIA CLASS

7    Members with legally required uninterrupted meal and rest breaks is in violation of the

8    California Labor Code.

9        20.    By reason of this uniform conduct applicable to PLAINTIFF and all

10   CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

11   violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et*

12   *seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to

13   accurately calculate and record the overtime rate for the overtime hours worked by the

14   PLAINTIFF and other CALIFORNIA CLASS Members.  The proper calculation of these

15   employees' overtime hour rates is the DEFENDANT's burden.  As a result of

16   DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT

17   failed to properly calculate and/or pay all required overtime compensation for work

18   performed by the members of the CALIFORNIA CLASS and violated the California Labor

19   Code and regulations promulgated thereunder as herein alleged.

20       21.    Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to

21   him in the form of two components.  One component of PLAINTIFF's compensation was a

22   base hourly wage at the rate of $16.06 when he left employment with DEFENDANT.  The

23   second component of the PLAINTIFF's compensation were non-discretionary performance

24   bonuses.  DEFENDANT paid the bonuses, so long as the PLAINTIFF met certain

25   predefined performance requirements.  PLAINTIFF met DEFENDANT's predefined

26   eligibility performance requirements in various pay periods throughout his employment with

27   DEFENDANT and DEFENDANT paid PLAINTIFF the performance bonus wages.  During

28   these pay periods in which PLAINTIFF was paid the non-discretionary performance bonus

8

CLASS ACTION COMPLAINT

**Exhibit A**

1  by DEFENDANT, PLAINTIFF also worked overtime hours for DEFENDANT, but

2  DEFENDANT never included the bonus compensation in PLAINTIFF's regular rate of pay

3  for the purposes of calculating what should have been PLAINTIFF's accurate overtime rate

4  and thereby underpaid the PLAINTIFF for overtime hours worked throughout his

5  employment with DEFENDANT.  The bonus compensation paid by DEFENDANT

6  constituted wages within the meaning of the California Labor Code and thereby should have

7  been part of PLAINTIFF's "regular rate of pay."  When PLAINTIFF began working for

8  DEFENDANT he learned he would be required to undergo a loss prevention inspection

9  performed by a member of DEFENDANT's management team whenever he left

10  DEFENDANT's store, including exiting the store for his assigned meal breaks and at the

11  end of his shifts.  When PLAINTIFF wished to take a meal break, he clocked out of

12  DEFENDANT's timekeeping system and then looked for a security manager to perform a

13  physical bag check and/or a visual inspection.  PLAINTIFF was routinely delayed while he

14  waited, off the clock, to be inspected and released for his meal break, yet was still required

15  to return to work 30 minutes after he had clocked out for his meal period.  Consequently,

16  PLAINTIFF was not provided with a full, 30-minute meal period.  At the end of

17  PLAINTIFF's shifts, DEFENDANT required PLAINTIFF to clock out and wait for a

18  manager to perform a loss prevention inspections to make sure he and the other employees

19  leaving the store were not attempting to steal and smuggle merchandise from

20  DEFENDANT.  PLAINTIFF routinely had to wait with other employees each day that he

21  worked for the mandatory inspection process to be conducted and completed.  PLAINTIFF

22  was regularly required to wait for 10 or more minutes for the loss prevention inspection and

23  DEFENDANT never compensated him for the time spent during these inspections.

24  DEFENDANT also provided PLAINTIFF with a paystub that failed to accurately display

25  PLAINTIFF's correct rates of overtime pay and the correct gross wages earned for certain

26  pay periods in violation of Cal. Lab. Code § 226(a).   To date, DEFENDANT has not fully

27  paid the PLAINTIFF for all his overtime wages still owed to him or any penalty wages owed

28  to him under California Labor Code § 203.

Exhibit A

**JURISDICTION AND VENUE**

22. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

23. Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because the PLAINTIFF resides in this County and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and resides in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

**THE CALIFORNIA CLASS**

24. PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT as a non-exempt employee at a retail store in California (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

25. The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial

10

Exhibit A

1   Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions

2   from the requirement that an overtime rate of compensation be paid... ...for executive,

3   administrative, and professional employees, provided [inter alia] that the employee is

4   primarily engaged in duties that meet the test of the exemption, [and] customarily and

5   regularly exercises discretion and independent judgment in performing those duties..."

6   (Lab. Code § 510(a).)  Neither the PLAINTIFF nor the other members of the CALIFORNIA

7   CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the

8   above requirements.

9       26.    DEFENDANT, as a matter of company policy, practice and procedure, and

10  in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

11  Order requirements, and the applicable provisions of California law, intentionally,

12  knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically failed

13  to correctly calculate and record overtime compensation for overtime hours worked by

14  PLAINTIFF and the other members of the CALIFORNIA CLASS, even though

15  DEFENDANT enjoyed the benefit of this work, required employees to perform this work

16  and permitted or suffered to permit this overtime work.

17      27.    DEFENDANT has the legal burden to establish that each and every

18  CALIFORNIA CLASS Member is paid the applicable rate for all overtime hours worked

19  and to accurately calculate the "regular rate of pay" by including the bonus compensation

20  that PLAINTIFF and members of the CALIFORNIA CLASS were awarded by

21  DEFENDANT.  The DEFENDANT, however, as a matter of uniform and systematic policy

22  and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still

23  fails to have in place a policy or practice to ensure that each and every CALIFORNIA

24  CLASS Member is paid the applicable overtime rate for all overtime hours worked, so as to

25  satisfy their burden.  This common business practice applicable to each and every

26  CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful,

27  unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the

28  "UCL") as causation, damages, and reliance are not elements of this claim.

11

Exhibit A

28.   At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime hours worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq*.  At no time during the CALIFORNIA CLASS PERIOD was the overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code §§ 510, *et seq*.

29.   The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

30.   DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

(a)   Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq*., by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all wages due the CALIFORNIA CLASS for all overtime hours worked, and fail to accurately record the applicable rates of all overtime hours worked by the CALIFORNIA CLASS;

(b)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq*., by unlawfully, unfairly, and/or deceptively having in place a company policy, practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFF and the members of the CALIFORNIA CLASS;

(c)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq*., by unlawfully, unfairly, and/or deceptively failing to pay the correct overtime pay owed to PLAINTIFF and the members of the CALIFORNIA CLASS for overtime hours worked;

12

Exhibit A

(d)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by requiring the PLAINTIFF and other CALIFORNIA CLASS Members to submit to loss prevention inspections after clocking out for their meal breaks and at the end of their shifts and thereby failing to provide them compensation for this work time;

(e)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required uninterrupted thirty (30) minute meal breaks; and,

(f)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by failing to pay the correct overtime wages to the PLAINTIFF and the members of the CALIFORNIA CLASS as legally required by the FLSA, and retaining the unpaid overtime to the benefit of DEFENDANT.

31.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)   The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)   The claims of the representative PLAINTIFF are typical of the claims

13

Exhibit A

1     of each member of the CALIFORNIA CLASS. PLAINTIFF, like all

2     the other members of the CALIFORNIA CLASS, was a non-exempt

3     employee paid on an hourly basis and paid an additional non-

4     discretionary performance bonus wage who was subjected to the

5     DEFENDANT's practice and policy which failed to pay the correct rate

6     of overtime wages due to the CALIFORNIA CLASS for all overtime

7     hours worked by the CALIFORNIA CLASS and thereby systematically

8     underpaid overtime compensation to the CALIFORNIA CLASS.

9     PLAINTIFF sustained economic injury as a result of DEFENDANT's

10    employment practices. PLAINTIFF and the members of the

11    CALIFORNIA CLASS were and are similarly or identically harmed by

12    the same unlawful, deceptive, unfair and pervasive pattern of

13    misconduct engaged in by DEFENDANT; and,

14           (d)    The representative PLAINTIFF will fairly and adequately represent and

15                  protect the interest of the CALIFORNIA CLASS, and has retained

16                  counsel who are competent and experienced in Class Action litigation.

17                  There are no material conflicts between the claims of the representative

18                  PLAINTIFF and the members of the CALIFORNIA CLASS that would

19                  make class certification inappropriate. Counsel for the CALIFORNIA

20                  CLASS will vigorously assert the claims of all CALIFORNIA CLASS

21                  Members.

22    32.    In addition to meeting the statutory prerequisites to a Class Action, this action

23    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

24           (a)    Without class certification and determination of declaratory, injunctive,

25                  statutory and other legal questions within the class format, prosecution

26                  of separate actions by individual members of the CALIFORNIA

27                  CLASS will create the risk of:

28

14

CLASS ACTION COMPLAINT

Exhibit A

1          1)     Inconsistent or varying adjudications with respect to individual

2                   members of the CALIFORNIA CLASS which would establish

3                   incompatible standards of conduct for the parties opposing the

4                   CALIFORNIA CLASS; and/or,

5          2)     Adjudication with respect to individual members of the

6                   CALIFORNIA CLASS which would as a practical matter be

7                   dispositive of interests of the other members not party to the

8                   adjudication or substantially impair or impede their ability to

9                   protect their interests.

10    (b)    The parties opposing the CALIFORNIA CLASS have acted or refused

11        to act on grounds generally applicable to the CALIFORNIA CLASS,

12        making appropriate class-wide relief with respect to the CALIFORNIA

13        CLASS as a whole in that DEFENDANT uniformly failed to pay all

14        wages due. Including the correct overtime rate, for all hours worked by

15        the members of the CALIFORNIA CLASS as required by law;

16          1)     With respect to the First Cause of Action, the final relief on

17                   behalf of the CALIFORNIA CLASS sought does not relate

18                   exclusively to restitution because through this claim

19                   PLAINTIFF seeks declaratory relief holding that the

20                   DEFENDANT's policy and practices constitute unfair

21                   competition, along with declaratory relief,  injunctive relief, and

22                   incidental equitable relief as may be necessary to prevent and

23                   remedy the conduct declared to constitute unfair competition;

24    (c)    Common questions of law and fact exist as to the members of the

25        CALIFORNIA CLASS, with respect to the practices and violations of

26        California law as listed above, and predominate over any question

27        affecting only individual CALIFORNIA CLASS Members, and a Class

28        Action is superior to other available methods for the fair and efficient

15

Exhibit A

adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class

16

CLASS ACTION COMPLAINT

**Exhibit A**

1                    treatment will obviate the need for unduly and unnecessary

2                    duplicative litigation that is likely to result in the absence of

3                    certification of this action pursuant to Cal. Code of Civ. Proc. §

4                    382.

5    33.    This Court should permit this action to be maintained as a Class Action

6    pursuant to Cal. Code of Civ. Proc. § 382 because:

7        (a)    The questions of law and fact common to the CALIFORNIA CLASS

8                predominate over any question affecting only individual CALIFORNIA

9                CLASS Members because the DEFENDANT's employment practices

10                are uniform and systematically applied with respect to the

11                CALIFORNIA CLASS;

12        (b)    A Class Action is superior to any other available method for the fair

13                and efficient adjudication of the claims of the members of the

14                CALIFORNIA CLASS because in the context of employment litigation

15                a substantial number of individual CALIFORNIA CLASS Members

16                will avoid asserting their rights individually out of fear of retaliation or

17                adverse impact on their employment;

18        (c)    The members of the CALIFORNIA CLASS are so numerous that it is

19                impractical to bring all members of the CALIFORNIA CLASS before

20                the Court;

21        (d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not

22                be able to obtain effective and economic legal redress unless the action

23                is maintained as a Class Action;

24        (e)    There is a community of interest in obtaining appropriate legal and

25                equitable relief for the acts of unfair competition, statutory violations

26                and other improprieties, and in obtaining adequate compensation for

27                the damages and injuries which DEFENDANT's actions have inflicted

28                upon the CALIFORNIA CLASS;

17

CLASS ACTION COMPLAINT

Exhibit A

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA CLASS consists of all individuals who are or previously were employed by DEFENDANT in California as non-exempt employees who were entitled to overtime wages at any time during the CALIFORNIA CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

34.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

**THE CALIFORNIA LABOR SUB-CLASS**

35.     PLAINTIFF further brings the Second, Third, and Fourth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who worked in California (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as

18

Exhibit A

1   determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to

2   Cal. Code of Civ. Proc. § 382.

3       36.     DEFENDANT, as a matter of company policy, practice and procedure, and

4   in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

5   Order requirements, and the applicable provisions of California law, intentionally,

6   knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly

7   calculate overtime compensation for the overtime hours worked by the PLAINTIFF and the

8   other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT

9   enjoyed the benefit of this work, required employees to perform this work and permitted or

10  suffered to permit this overtime work.  DEFENDANT has uniformly denied these

11  CALIFORNIA LABOR SUB-CLASS Members overtime wages at the correct amount to

12  which these employees are entitled in order to unfairly cheat the competition and unlawfully

13  profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR

14  SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD

15  should be adjusted accordingly.

16      37.     DEFENDANT maintains records from which the Court can ascertain and

17  identify by name and job title, each of DEFENDANT's employees who have been

18  systematically, intentionally and uniformly subjected to DEFENDANT's company policy,

19  practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the

20  complaint to include any additional job titles of similarly situated employees when they have

21  been identified.

22      38.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

23  CALIFORNIA LABOR SUB-CLASS Members is impracticable.

24      39.     Common questions of law and fact exist as to members of the CALIFORNIA

25  LABOR SUB-CLASS, including, but not limited, to the following:

26          (a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay

27                  overtime compensation to members of the CALIFORNIA LABOR

28                  SUB-CLASS in violation of the California Labor Code and California

                                    19
                          CLASS ACTION COMPLAINT

**Exhibit A**

1                           regulations and the applicable California Wage Order;

2         (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

3                     entitled to overtime compensation for overtime hours worked under the

4                     overtime pay requirements of California law;

5         (c)    Whether DEFENDANT failed to accurately record the applicable

6                     overtime rates for all overtime hours worked by the PLAINTIFF and

7                     the other members of the CALIFORNIA LABOR SUB-CLASS;

8         (d)    Whether DEFENDANT failed to provide the PLAINTIFF and the other

9                     members of the CALIFORNIA LABOR SUB-CLASS with accurate

10                   itemized wage statements;

11       (e)    Whether DEFENDANT's policy and practice of failing to pay members

12                 of the CALIFORNIA LABOR SUB-CLASS all wages when due within

13                 the time required by law after their employment ended violates

14                 California law;

15       (f)    Whether DEFENDANT failed to provide the PLAINTIFF and the other

16                 members of the CALIFORNIA LABOR SUB-CLASS with all legally

17                 required uninterrupted thirty (30) minute meal breaks;

18       (g)    Whether DEFENDANT has engaged in unfair competition by the

19                 above-listed conduct;

20       (h)    The proper measure of damages and penalties owed to the members of

21                 the CALIFORNIA LABOR SUB-CLASS; and,

22       (i)    Whether DEFENDANT's conduct was willful.

23      40.    DEFENDANT, as a matter of company policy, practice and procedure,

24 failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-

25 CLASS Members and failed to provide accurate records of the applicable overtime rates for

26 the overtime hours worked by these employees. All of the CALIFORNIA LABOR SUB-

27 CLASS Members, including the PLAINTIFF, were non-exempt employees who were paid

28 on an hourly basis, were paid for overtime hours worked, and were paid additional non-

20

Exhibit A

1    discretionary performance bonus wages by DEFENDANT according to uniform and

2    systematic company procedures as alleged herein above.  This business practice is uniformly

3    applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and

4    therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

5        41.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-

6    CLASS under California law by:

7            (a)    Violating Cal. Lab. Code §§ 510, *et seq*., by failing to accurately pay

8                   the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

9                   CLASS the correct overtime pay for which DEFENDANT is liable

10                  pursuant to Cal. Lab. Code § 1194;

11           (b)    Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF

12                  and the members of the CALIFORNIA LABOR SUB-CLASS with an

13                  accurate itemized statement in writing showing all accurate and

14                  applicable overtime rates in effect during the pay period and the

15                  corresponding number of hours worked at each overtime rate by the

16                  employee; and,

17           (c)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

18                  when an employee is discharged or quits from employment, the

19                  employer must pay the employee all wages due without abatement, by

20                  failing to tender full payment and/or restitution of wages owed or in the

21                  manner required by California law to the members of the

22                  CALIFORNIA LABOR SUB-CLASS who have terminated their

23                  employment.

24       42.    This Class Action meets the statutory prerequisites for the maintenance of a

25    Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

26           (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS

27                  are so numerous that the joinder of all CALIFORNIA LABOR SUB-

28                  CLASS Members is impracticable and the disposition of their claims as

Exhibit A

1   a class will benefit the parties and the Court;

2   (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief

3   issues that are raised in this Complaint are common to the

4   CALIFORNIA LABOR SUB-CLASS and will apply uniformly to

5   every member of the CALIFORNIA LABOR SUB-CLASS;

6   (c)   The claims of the representative PLAINTIFF are typical of the claims

7   of each member of the CALIFORNIA LABOR SUB-CLASS.

8   PLAINTIFF, like all the other members of the CALIFORNIA LABOR

9   SUB-CLASS, was a non-exempt employee paid on an hourly basis and

10   paid an additional non-discretionary performance bonus wage who was

11   subjected to the DEFENDANT's practice and policy which failed to

12   pay the correct rate of overtime wages due to the CALIFORNIA

13   LABOR SUB-CLASS for all overtime hours worked.  PLAINTIFF

14   sustained economic injury as a result of DEFENDANT's employment

15   practices.  PLAINTIFF and the members of the CALIFORNIA

16   LABOR SUB-CLASS were and are similarly or identically harmed by

17   the same unlawful, deceptive, unfair and pervasive pattern of

18   misconduct engaged in by DEFENDANT; and,

19   (d)   The representative PLAINTIFF will fairly and adequately represent and

20   protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

21   has retained counsel who are competent and experienced in Class

22   Action litigation.  There are no material conflicts between the claims of

23   the representative PLAINTIFF and the members of the CALIFORNIA

24   LABOR SUB-CLASS that would make class certification

25   inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS

26   will vigorously assert the claims of all CALIFORNIA LABOR SUB-

27   CLASS Members.

28   43.   In addition to meeting the statutory prerequisites to a Class Action, this action

22

CLASS ACTION COMPLAINT

**Exhibit A**

1  is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

2      (a)  Without class certification and determination of declaratory, injunctive,

3            statutory and other legal questions within the class format, prosecution

4            of separate actions by individual members of the CALIFORNIA

5            LABOR SUB-CLASS will create the risk of:

6            1)  Inconsistent or varying adjudications with respect to individual

7               members of the CALIFORNIA LABOR SUB-CLASS which

8               would establish incompatible standards of conduct for the

9               parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

10           2)  Adjudication with respect to individual members of the

11               CALIFORNIA LABOR SUB-CLASS which would as a

12               practical matter be dispositive of interests of the other members

13               not party to the adjudication or substantially impair or impede

14               their ability to protect their interests.

15      (b)  The parties opposing the CALIFORNIA LABOR SUB-CLASS have

16            acted or refused to act on grounds generally applicable to the

17            CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide

18            relief with respect to the CALIFORNIA LABOR SUB-CLASS as a

19            whole in that DEFENDANT uniformly failed to pay all wages due.

20            Including the correct overtime rate, for all overtime hours worked by

21            the members of the CALIFORNIA LABOR SUB-CLASS as required

22            by law;

23      (c)  Common questions of law and fact predominate as to the members of

24            the CALIFORNIA LABOR SUB-CLASS, with respect to the practices

25            and violations of California Law as listed above, and predominate over

26            any question affecting only individual CALIFORNIA LABOR SUB-

27            CLASS Members, and a Class Action is superior to other available

28            methods for the fair and efficient adjudication of the controversy,

CLASS ACTION COMPLAINT

Exhibit A

including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair

24

**Exhibit A**

1      and efficient adjudication of this litigation because class

2      treatment will obviate the need for unduly and unnecessary

3      duplicative litigation that is likely to result in the absence of

4      certification of this action pursuant to Cal. Code of Civ. Proc. §

5      382.

6   44.   This Court should permit this action to be maintained as a Class Action

7   pursuant to Cal. Code of Civ. Proc. § 382 because:

8      (a)   The questions of law and fact common to the CALIFORNIA LABOR

9            SUB-CLASS predominate over any question affecting only individual

10           CALIFORNIA LABOR SUB-CLASS Members;

11     (b)   A Class Action is superior to any other available method for the fair

12           and efficient adjudication of the claims of the members of the

13           CALIFORNIA LABOR SUB-CLASS because in the context of

14           employment litigation a substantial number of individual

15           CALIFORNIA LABOR SUB-CLASS Members will avoid asserting

16           their rights individually out of fear of retaliation or adverse impact on

17           their employment;

18     (c)   The members of the CALIFORNIA LABOR SUB-CLASS are so

19           numerous that it is impractical to bring all members of the

20           CALIFORNIA LABOR SUB-CLASS before the Court;

21     (d)   PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

22           Members, will not be able to obtain effective and economic legal

23           redress unless the action is maintained as a Class Action;

24     (e)   There is a community of interest in obtaining appropriate legal and

25           equitable relief for the acts of unfair competition, statutory violations

26           and other improprieties, and in obtaining adequate compensation for

27           the damages and injuries which DEFENDANT's actions have inflicted

28           upon the CALIFORNIA LABOR SUB-CLASS;

25

CLASS ACTION COMPLAINT

**Exhibit A**

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

45.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 44 of this Complaint.

46.   DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

47.   California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

CLASS ACTION COMPLAINT

Exhibit A

competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

48.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, Wage Order 4-2001, the California Code of Regulations and the California Labor Code including Sections 226.7, 510, 1194 & 1198, the FLSA, and the Code of Federal Regulations, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

49.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

50.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, wages due for overtime hours worked, failed accurately to record the applicable rate of all overtime hours worked, and failed to provide the required amount of overtime compensation due to a systematic miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203,

27

CLASS ACTION COMPLAINT

Exhibit A

1  including restitution of wages wrongfully withheld.

2      51.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

3  unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF and

4  the other members of the CALIFORNIA CLASS to be underpaid during their employment with

5  DEFENDANT.

6      52.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

7  unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed

8  to provide all legally required uninterrupted meal breaks to the PLAINTIFF and the other

9  members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

10     53.    Therefore, the PLAINTIFF demands on behalf of himself and on behalf of each

11  CALIFORNIA CLASS member, overtime wages and one (1) hour of pay for each workday in

12  which an off-duty meal period was not timely provided for each five (5) hours of work, and/or

13  one (1) hour of pay for each workday in which a second off-duty meal period was not timely

14  provided for each ten (10) hours of work.

15     54.    By and through the unlawful and unfair business practices described herein,

16  DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and

17  the other members of the CALIFORNIA CLASS, including earned wages for all overtime hours

18  worked, and has deprived them of valuable rights and benefits guaranteed by law and contract,

19  all to the detriment of these employees and to the benefit of DEFENDANT so as to allow

20  DEFENDANT to unfairly compete against competitors who comply with the law.

21     55.    All the acts described herein as violations of, among other things, the Industrial

22  Welfare Commission Wage Orders, the California Code of Regulations, the California Labor

23  Code, the FLSA, the Code of Federal Regulations, and the related Opinions of the Department

24  of Labor were unlawful and in violation of public policy, were immoral, unethical, oppressive

25  and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive

26  business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

27     56.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

28  and do, seek such relief as may be necessary to restore to them the money and property which

Exhibit A

1    DEFENDANT has acquired, or of which the PLAINTIFF and the other members of the

2    CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

3    unfair business practices, including earned but unpaid wages for all hours worked.

4        57.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

5    entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

6    and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

7    engaging in any unlawful and unfair business practices in the future.

8        58.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

9    speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

10   of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

11   As a result of the unlawful and unfair business practices described herein, the PLAINTIFF and

12   the other members of the CALIFORNIA CLASS have suffered and will continue to suffer

13   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

14   engage in these unlawful and unfair business practices.

15                         **SECOND CAUSE OF ACTION**

16                   **For Failure To Pay Overtime Compensation**

17                 **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

18       **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

19                                **Defendants)**

20       59.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

21   CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs

22   1 through 58 of this Complaint.

23       60.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

24   bring a claim for DEFENDANT's willful and intentional violations of the California Labor

25   Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

26   accurately calculate the applicable rates for all overtime hours worked by PLAINTIFF and other

27   member of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly

28   compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime hours

                                        29

**Exhibit A**

1    worked, including, work performed in excess of eight (8) hours in a workday and forty (40)

2    hours in any workweek.

3        61.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

4    public policy, an employer must timely pay its employees for all hours worked.

5        62.    Cal. Lab. Code § 510 further provides that employees in California shall not be

6    employed more than eight (8) hours per workday and more than forty (40) hours per workweek

7    unless they receive additional compensation beyond their regular wages in amounts specified

8    by law.

9        63.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

10   including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

11   Code § 1198 further states that the employment of an employee for longer hours than those

12   fixed by the Industrial Welfare Commission is unlawful.

13       64.    DEFENDANT maintained a uniform wage practice of paying the PLAINTIFF

14   and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the

15   correct applicable overtime rate for the number of overtime hours they worked.  As set forth

16   herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny

17   timely payment of wages due for the overtime hours worked by the PLAINTIFF and the other

18   members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay

19   these employees the correct applicable overtime wages for all overtime hours worked.

20       65.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

21   CALIFORNIA LABOR SUB-CLASS Members were required by DEFENDANT to work off-

22   the-clock and were not paid for all the off-the-clock hours they worked, including overtime

23   hours.  For example, PLAINTIFF and other CALIFORNIA CLASS Members were required

24   to work after clocking out by DEFENDANT because these employees were required to wait for

25   and submit to the loss prevention inspections before being allowed to leave DEFENDANT's

26   store.  This off-the-clock time caused PLAINTIFF and other CALIFORNIA LABOR SUB-

27   CLASS Members who had already worked an eight hour shift to work overtime hours off-the-

28   clock.  However, DEFENDANT did not pay the required overtime compensation for this off-

Exhibit A

1    the-clock work.

2         66.    DEFENDANT's uniform pattern of unlawful wage and hour practices

3    manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a

4    whole, as a result of implementing a uniform policy and practice that denied accurate

5    compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

6    CLASS for all overtime hours worked, including, the work performed in excess of eight (8)

7    hours in a workday and forty (40) hours in any workweek.

8         67.    In committing these violations of the California Labor Code, DEFENDANT

9    inaccurately calculated the applicable overtime rates and consequently underpaid the actual

10   hours worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.

11   DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

12   benefits in violation of the California Labor Code, the Industrial Welfare Commission

13   requirements and other applicable laws and regulations.

14        68.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

15   the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

16   receive full compensation for all overtime hours worked.

17        69.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

18   from the overtime requirements of the law.  None of these exemptions are applicable to the

19   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, the

20   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject

21   to a valid collective bargaining agreement that would preclude the causes of action contained

22   herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of himself and the

23   CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable,

24   non-waiveable rights provided by the State of California.

25        70.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF and

26   the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for hours

27   worked that they were entitled to, constituting a failure to pay all earned wages.

28        71.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members

31

CLASS ACTION COMPLAINT

Exhibit A

1  of the CALIFORNIA LABOR SUB-CLASS overtime wages for the hours they worked which

2  were in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510,

3  1194 & 1198, even though the PLAINTIFF and the other members of the CALIFORNIA

4  LABOR SUB-CLASS were regularly required to work, and did in fact work, overtime hours

5  as to which DEFENDANT failed to accurately record and pay using the applicable overtime

6  rate as evidenced by DEFENDANT's business records and witnessed by employees.

7      72.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

8  compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

9  CLASS for the true number of hours they worked, the PLAINTIFF and the other members of

10  the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

11  economic injury in amounts which are presently unknown to them and which will be ascertained

12  according to proof at trial.

13      73.    DEFENDANT knew or should have known that the PLAINTIFF and the other

14  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their

15  overtime hours worked.  DEFENDANT systematically elected, either through intentional

16  malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform

17  company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme

18  by refusing to pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

19  CLASS the applicable overtime rate.

20      74.    In performing the acts and practices herein alleged in violation of California labor

21  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

22  all hours worked and provide them with the requisite overtime compensation, DEFENDANT

23  acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF

24  and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and

25  utter disregard for their legal rights, or the consequences to them, and with the despicable intent

26  of depriving them of their property and legal rights, and otherwise causing them injury in order

27  to increase company profits at the expense of these employees.

28      75.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

Exhibit A

1  therefore request recovery of all unpaid wages, including overtime wages, according to proof,

2  interest, statutory costs, as well as the assessment of any statutory penalties against

3  DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

4  statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA

5  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S

6  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

7  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

8  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's

9  conduct as alleged herein was willful, intentional and not in good faith. Further, the

10  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and

11  recover statutory costs.

12                        **THIRD CAUSE OF ACTION**

13              **For Failure to Provide Accurate Itemized Statements**

14                          **[Cal. Lab. Code § 226]**

15          **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

16                                **Defendants)**

17       76.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

18  CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs

19  1 through 75 of this Complaint.

20       77.    Cal. Labor Code § 226 provides that an employer must furnish employees with

21  an "accurate itemized" statement in writing showing:

22       (1) gross wages earned,

23       (2) total hours worked by the employee, except for any employee whose compensation

24       is solely based on a salary and who is exempt from payment of overtime under

25       subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

26       Commission,

27       (3) the number of piecerate units earned and any applicable piece rate if the employee

28       is paid on a piece-rate basis,

                                      33

Exhibit A

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

78.     At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226 in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the effective overtime rates of pay for overtime hours worked by the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and thereby also failed to set forth the correct overtime wages earned by the employees.

79.     DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct rates for the overtime hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for the PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

CLASS ACTION COMPLAINT

Exhibit A

## FOURTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [ Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

### Defendants)

80.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 79 of this Complaint.

81.    Cal. Lab. Code § 200 provides, in relevant part, that:

> As used in this article:
> (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
> (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

82.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

83.    Cal. Lab. Code § 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

84.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

85.    Cal. Lab. Code § 203 provides, in relevant part, that:

> If an employer willfully fails to pay, without abatement or reduction,

35

Exhibit A

1  in accordance with Sections 201, 201.5, 202, and 205.5, any wages of
   an employee who is discharged or who quits, the wages of the
2  employee shall continue as a penalty from the due date thereof at the
   same rate until paid or until an action therefor is commenced; but the
3  wages shall not continue for more than 30 days.

4    86.    The employment of many CALIFORNIA LABOR SUB-CLASS Members

5  terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

6    87.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the

7  members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated,

8  PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of

9  termination for all employees who terminated employment during the CALIFORNIA LABOR

10 SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest

11 and statutory costs as allowed by law.

12                          **FIFTH CAUSE OF ACTION**

13           **Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA")**

14        **(By PLAINTIFF and the COLLECTIVE CLASS against DEFENDANT)**

15    88.    PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and

16 incorporate by this reference, as though fully set forth herein, paragraphs 1 through 87 of this

17 Complaint.

18    89.    DEFENDANT is engaged in communication, business, and transmission between

19 the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

20    90.    The PLAINTIFF further brings the Fifth Cause of Action on behalf of a

21 COLLECTIVE CLASS in accordance with 29 U.S.C. § 216 defined as all persons who are or

22 were previously employed by DEFENDANT in the United States as a non-exempt employee

23 in a retail store and who received bonus payments during the same pay period in which they

24 were paid overtime compensation (the "COLLECTIVE CLASS") at any time during the period

25 three (3) years prior to the filing of the Complaint and ending on the date as determined by the

26 Court (the "COLLECTIVE CLASS PERIOD").

27    91.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful

28 violations of the FLSA.

                                    36

Exhibit A

92.   29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

93.   For purposes of calculating overtime pay, 29 U.S.C. § 207(e) provides, in relevant part, that the "regular rate" of pay shall not include:

> (1) sums paid as gifts; payments in the nature of gifts made at Christmas time or on other special occasions, as a reward for service, the amounts of which are not measured by or dependent on hours worked, production, or efficiency;
> (2) payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment;
> (3) Sums paid in recognition of services performed during a given period if either, (a) both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly; or (b) the payments are made pursuant to a bona fide profit-sharing plan or trust or bona fide thrift or savings plan, meeting the requirements of the Administrator set forth in appropriate regulations which he shall issue, having due regard among other relevant factors, to the extent to which the amounts paid to the employee are determined without regard to hours of work, production, or efficiency; or (c) the payments are talent fees (as such talent fees are defined and delimited by regulations of the Administrator) paid to performers, including announcers, on radio and television programs;

94.   The bonus compensation awarded to the PLAINTIFF and other members of the COLLECTIVE CLASS was not a gift given as a reward for the PLAINTIFF's and COLLECTIVE CLASS Members' service to DEFENDANT that was not measured on their production, was not a payment made to PLAINTIFF and other members of the COLLECTIVE CLASS during a period in which these employees performed no work, and was not a sum paid to the PLAINTIFF and other members of the COLLECTIVE CLASS at

CLASS ACTION COMPLAINT

Exhibit A

1   the sole discretion of DEFENDANT as to the timing of the payment and as to the amount to

2   which the payment totaled.  Instead, the bonus compensation awarded to PLAINTIFF and

3   other members of the COLLECTIVE CLASS was a non-discretionary wage that was

4   directly proportional to the work performed by these employees for DEFENDANT and was

5   announced to the PLAINTIFF and COLLECTIVE CLASS Members to encourage these

6   employees to work more efficiently and was awarded based on these employees' production

7   during the applicable bonus pay period.  As a result, the bonus wage awarded to

8   PLAINTIFF and other members of the COLLECTIVE CLASS must be included in the

9   regular rate of pay for the purposes of calculating the correct overtime rate due to the

10  PLAINTIFF and other members of the COLLECTIVE CLASS.

11      95.    DEFENDANT failed and still fails to include the bonus compensation as part

12  of the PLAINTIFF's and other COLLECTIVE CLASS Members' "regular rate of pay" for

13  the purposes of calculating overtime pay due to these employees.  For the reasons set forth

14  herein, the bonus compensation received by the PLAINTIFF and members of the

15  COLLECTIVE CLASS should be included in their "regular rate of pay."  The failure to do

16  so resulted in a systematic and illegal underpayment of overtime compensation to

17  PLAINTIFF and other members of the COLLECTIVE CLASS.

18      96.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., the

19  PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to overtime

20  compensation for all overtime hours actually worked, at a rate not less than one and one-half

21  times their regular rate of pay for all hours worked in excess of forty (40) hours in any

22  workweek. DEFENDANTS' failure to correctly calculate overtime wages as required by

23  federal law was willful and not in good faith.

24      97.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other

25  members of the COLLECTIVE CLASS, worked more than forty (40) hours in a workweek.

26      98.    At all relevant times, DEFENDANT failed to include the bonus compensation

27  in the regular rate of pay for the PLAINTIFF and the COLLECTIVE CLASS resulting in an

CLASS ACTION COMPLAINT

**Exhibit A**

1  illegal underpayment of overtime compensation during the COLLECTIVE CLASS

2  PERIOD. Thus, DEFENDANT failed to pay the PLAINTIFF, and other members of the

3  COLLECTIVE CLASS, overtime compensation for the hours they have worked in excess of

4  the maximum hours permissible by law as required by § 207 of the FLSA, even though the

5  PLAINTIFF, and the other members of the COLLECTIVE CLASS, were regularly required

6  to work, and did in fact work, overtime hours.

7       99.    For purposes of the Fair Labor Standards Act, the employment practices of

8  DEFENDANT were and are uniform throughout the United States in all respects material to

9  the claims asserted in this Complaint.

10       100.  As a result of DEFENDANT's failure to pay the correct overtime

11  compensation at the applicable overtime rate for overtime hours worked, as required by the

12  FLSA, the PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an

13  amount to be proved at trial.

14       101.  Therefore, the PLAINTIFF demands that he and the members of the

15  COLLECTIVE CLASS be paid the correct overtime compensation as required by the FLSA

16  for every hour of overtime worked in any workweek for which the bonus wage was

17  awarded, plus interest and statutory costs as provided by law.

18                      **PRAYER FOR RELIEF**

19       WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

20  severally, as follows:

21  1.    On behalf of the CALIFORNIA CLASS:

22       A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

23               CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

24       B)    An order temporarily, preliminarily and permanently enjoining and restraining

25               DEFENDANT from engaging in similar unlawful conduct as set forth herein;

26       C)    An order requiring DEFENDANT to pay all wages and all sums unlawfully

27               withheld from compensation due to PLAINTIFF and the other members of the

28               CALIFORNIA CLASS; and,

Exhibit A

1      D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

2            fund for restitution of the sums incidental to DEFENDANT's violations due to

3            PLAINTIFF and to the other members of the CALIFORNIA CLASS.

4  2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

5      A)    That the Court certify the Second, Third, and Fourth Causes of Action asserted

6            by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal.

7            Code of Civ. Proc. § 382;

8      B)    Compensatory damages, according to proof at trial, including compensatory

9            damages for compensation due PLAINTIFF and the other members of the

10           CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA

11           LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

12     C)    The wages of all terminated employees in the CALIFORNIA LABOR

13           SUB-CLASS as a penalty from the due date thereof at the same rate until paid

14           or until an action therefore is commenced, in accordance with Cal. Lab. Code

15           § 203; and,

16     D)    The greater of all actual damages or fifty dollars ($50) for the initial pay

17           period in which a violation occurs and one hundred dollars ($100) per each

18           member of the CALIFORNIA LABOR SUB-CLASS for each violation in a

19           subsequent pay period, not exceeding an aggregate penalty of four thousand

20           dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

21 3.    On behalf of the COLLECTIVE CLASS:

22     A)    That the Court certify the Fifth Cause of Action asserted by the

23           COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

24     B)    Issue a declaratory finding that DEFENDANT's acts, policies, practices and

25           procedures complained of herein violated provisions of the Fair Labor

26           Standards Act; and,

27     C)    That the PLAINTIFF and the other members of the COLLECTIVE CLASS

28           recover compensatory damages and an equal amount of liquidated damages as

CLASS ACTION COMPLAINT

**Exhibit A**

1    provided under the law and in 29 U.S.C. § 216(b).

2    4.    On all claims:

3          A)    An award of interest, including prejudgment interest at the legal rate;

4          B)    Such other and further relief as the Court deems just and equitable; and,

5          C)    An award of penalties and cost of suit, as allowable under the law.

6                Neither this prayer nor any other allegation or prayer in this Complaint is

7                to be construed as a request, under any circumstance, that would result in

8                a request for attorneys' fees or costs available under Cal. Lab. Code §

9                218.5.

10   Dated:   January 24, 2013          BLUMENTHAL, NORDREHAUG & BHOWMIK

11

12                                      By: _____

13                                          Norman B. Blumenthal
                                            Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

41

CLASS ACTION COMPLAINT

**Exhibit A**

1

### DEMAND FOR A JURY TRIAL

2      PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated:  January 24, 2013         BLUMENTHAL, NORDREHAUG & BHOWMIK

5

6                     By:

7                           Norman B. Blumenthal
                          Attorneys for Plaintiff

8

9

10

11

12

13

14

15   K:\D\Dropbox\Pending Litigation\Footlocker - Ghattas\p-Complaint-FINAL.wpd

16

17

18

19

20

21

22

23

24

25

26

27

28

42

CLASS ACTION COMPLAINT

**Exhibit A**

EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Norman B. Blumenthal   (Bar # 68687) <br> Kyle Nordrehaug   (Bar # 205975) <br> Blumenthal, Nordrehaug & Bhowmik <br> 2255 Calle Clara, La Jolla, CA 92037 <br> TELEPHONE NO.: (858) 551-1223      FAX NO. (858) 551-1232 <br> ATTORNEY FOR *(Name)*: Plaintiff John Ghattas | **FILED** <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF LOS ANGELES <br><br> JAN 2 5 2013 <br><br> JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK <br> BY_____ Deputy <br> *(illegible)* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District, Stanley Mosk

| CASE NAME: <br> GHATTAS v. FOOT LOCKER | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] Limited <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | **BC 499530** <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: FIVE (5)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 24, 2013

Norman B. Blumenthal
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> *LexisNexis® Automated California Judicial Council Forms* |

Exhibit B

| SHORT TITLE: GHATTAS v. FOOT LOCKER | CASE NUMBER BC 499530 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES    CLASS ACTION? [X] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL __7__ [ ] HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A** the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
| --- |

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

*LexisNexis® Automated California County Forms*

**Exhibit B**

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| GHATTAS v. FOOT LOCKER | | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | ①2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 2 of 4

**Exhibit B**

| SHORT TITLE: | | |
|---|---|---|
| GHATTAS v. FOOT LOCKER | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)      **CIVIL CASE COVER SHEET ADDENDUM**      Local Rule 2.0
LASC Approved 03-04        **AND STATEMENT OF LOCATION**         Page 3 of 4

Exhibit B

| SHORT TITLE: | CASE NUMBER |
| --- | --- |
| GHATTAS v. FOOT LOCKER | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br><br>Class action brought by resident of Los Angeles County |
| --- | --- |
| CITY:<br><br>Los Angeles | STATE:<br><br>CA | ZIP CODE:<br><br>91306 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ Staley Mosk _____ courthouse in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 1/24/13

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LexisNexis® Automated California County Forms

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

**Exhibit B**

EXHIBIT C

1   Tracy Thompson (SBN 88173)
     *tt@millerlawgroup.com*
2   M. Michael Cole (SBN 235538)
     *mmc@millerlawgroup.com*
3   MILLER LAW GROUP
4   A Professional Corporation
     111 Sutter Street, Suite 700
5   San Francisco, CA 94104
     Tel. (415) 464-4300
6   Fax (415) 464-4336

7
     Attorneys for Defendant
8   FOOT LOCKER RETAIL, INC.

9

COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAR 0 7 2013

John A. Clarke, Executive Officer/Clerk
By: Tanaya Lewis, Deputy

10                    SUPERIOR COURT OF CALIFORNIA

11                IN AND FOR THE COUNTY OF LOS ANGELES

12

13   JOHN GHATTAS, an individual, on behalf of      Case No.: BC499530
     himself and on behalf of all persons similarly
14   situated,

15                 Plaintiff(s),

16   v.

17

18   FOOT LOCKER RETAIL, INC., a New York
     Corporation; and DOES 1 through 50,
19   inclusive,

20                 Defendant(s).

**ANSWER OF DEFENDANT FOOT LOCKER
RETAIL, INC. TO PLAINTIFF'S
COMPLAINT**

FAXED

Complaint filed:  January 25, 2013

21

22

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

ANSWER TO PLAINTIFF'S COMPLAINT
Case No.: BC499530

Exhibit C

1    Defendant FOOT LOCKER RETAIL, INC. hereby answers the unverified Class

2  Action Complaint ("Complaint") filed by Plaintiff JOHN GHATTAS, individually, and on behalf

3  of himself and other persons similarly situated.

4

5    Pursuant to California Code of Civil Procedure section 431.30, Defendant

6  generally and specifically denies each and every allegation contained in the Complaint.

7  Defendant further denies that Plaintiff, or any member of any putative class, has been

8  damaged in any sum whatsoever, or that Plaintiff, or any member of any putative class, is

9  entitled to the relief requested or to any other relief, or that Plaintiff, or any member of any

10  putative class, has sustained any injury, damage, or loss by reason of any act, omission, or

11  negligence on the part of Defendant, or by reason of any act, omission, or negligence on the

12  part of any of Defendant's agents or employees.  Defendant further denies that it is liable to

13  Plaintiff, or to any member of any putative class, under any theory, including, without

14  limitation, the theories of liability asserted in the Complaint.

15

16    Wherefore, Defendant asserts the following separate and independent

17  affirmative defenses and prays for judgment as set forth below.

18

19    **FIRST AFFIRMATIVE DEFENSE**

20    **(Failure To State A Claim)**

21

22    Defendant alleges that Plaintiff's Complaint fails to allege facts sufficient to state

23  a claim upon which relief can be granted.

24  ///

25  ///

26  ///

27  ///

28  ///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

Exhibit C

1

**SECOND AFFIRMATIVE DEFENSE**

2

**(Statute of Limitations)**

3

4        Defendant alleges that Plaintiff's claims are barred or limited by the applicable

5  statute(s) of limitations, including, but not limited to, California Code of Civil Procedure

6  sections 337, 338, 339 and 340, California Labor Code section 203, California Business and

7  Professions Code section 17208, and 29 U.S.C. section 255.

8

9

**THIRD AFFIRMATIVE DEFENSE**

10

**(Exhaustion of Administrative Remedies)**

11

12        Defendant alleges that Plaintiff has failed to exhaust his administrative remedies

13  pursuant to California Labor Code section 2699, *et. seq.*, the exhaustion of which is a

14  condition precedent to the maintenance of this action.

15

16

**FOURTH AFFIRMATIVE DEFENSE**

17

**(Waiver and Estoppel)**

18

19        Defendant alleges that Plaintiff has waived and/or is estopped to assert, in

20  whole or in part, each purported cause of action upon which he seeks relief.

21

22

**FIFTH AFFIRMATIVE DEFENSE**

23

**(Unclean Hands/Laches)**

24

25        Defendant alleges that each purported cause of action is barred, in whole or in

26  part, by the doctrine of unclean hands and/or laches.

27  ///

28  ///

ANSWER TO PLAINTIFF'S COMPLAINT
Case No.: BC499530

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

Exhibit C

1

### SIXTH AFFIRMATIVE DEFENSE

2

### (Adequate Remedy at Law)

3

4          Defendant alleges that Plaintiff is not entitled to a recovery of equitable relief

5  because of the existence of an adequate remedy at law.

6

7

### SEVENTH AFFIRMATIVE DEFENSE

8

### (Conduct Reasonable and Not Willful – California Labor Code)

9

10          Defendant alleges that Plaintiff is not entitled to recover penalties as prayed for

11  in the Complaint, because any failure to pay Plaintiff or the putative class members, although

12  such is specifically denied, was in good faith, not willful within the meaning of the California

13  Labor Code and in conformity with and in reliance upon administrative regulations, orders,

14  ruling, approvals, interpretations or any administrative practice or enforcement policy.

15

16

### EIGHTH AFFIRMATIVE DEFENSE

17

### (Good Faith – Fair Labor Standards Act)

18

19          Defendant alleges that Plaintiff's claims for liquidated damages is barred

20  because Defendant's actions or omissions were in good faith, and Defendant had reasonable

21  grounds for believing that its actions or omissions did not violate any provision of the Fair

22  Labor Standards Act, and Defendant had reasonable grounds for believing that its actions or

23  omissions did not violate the the Fair Labor Standards Act.

24  ///

25  ///

26  ///

27  ///

28  ///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

Exhibit C

**NINTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute as to Wages Owed)**

Without admitting any of the factual allegations in the Complaint, Defendant alleges that should it be determined that it owes anything to Plaintiff or to the putative class members, at all times relevant to this action, a reasonable, good faith dispute existed as to whether any such amounts were in fact owed to Plaintiff or to the putative class members.

**TENTH AFFIRMATIVE DEFENSE**

**(Recovery of Civil Penalties "Unjust, Arbitrary and Oppressive or Confiscatory")**

Defendant alleges that Plaintiff (on his own behalf and/or on behalf of any putative class member) is not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Defendant alleges Plaintiff lacks standing to bring the instant action on behalf of himself or other unnamed putative class members.

**TWELFTH AFFIRMATIVE DEFENSE**

**(*De Minimus*)**

Without admitting any of the factual allegations in the Complaint, Defendant alleges that, to the extent that Plaintiff and the putative class members worked "off the clock", their claims constitute *de minimum* violations for which no recovery may be had, and that

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

Exhibit C

1  Plaintiff and the putative class members are seeking compensation for trivial, non-

2  compensable time spent before and after their principal work activities.

3

4  **THIRTEENTH AFFIRMATIVE DEFENSE**

5  **(PAGA Unconstitutional)**

6

7  Defendant alleges that the claims alleging violations of the Labor Code Private

8  Attorneys General Act of 2004, Labor Code section 2698 *et seq.* ("PAGA"), are barred in

9  whole or in part because the statute is unconstitutional.

10

11  Defendant has not yet completed a thorough investigation and study or

12  completed discovery of all facts and circumstances of the subject matter of the Complaint,

13  and, accordingly, reserves the right to amend, modify, revise or supplement this Answer, and

14  to plead such further defenses and take such further actions as it may deem proper and

15  necessary in its defense upon the completion of said investigation and study.

16

17  WHEREFORE, Defendant demands judgment in its favor, costs of suit, and

18  attorneys' fees, and all other proper relief.

19

20  Dated: March 7, 2013

21  MILLER LAW GROUP
   A Professional Corporation

22

23  By: _____

24  Tracy Thompson
   M. Michael Cole

25  Attorneys for Defendant
   FOOT LOCKER RETAIL, INC.

26

27

28  4831-7897-6531, v. 1

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

Exhibit C

**PROOF OF SERVICE**

I, KC DAVIS, declare that I am employed at Miller Law Group, A Professional Corporation, whose address is 111 Sutter Street, Suite 700, San Francisco, CA 94104; I am over the age of eighteen (18) years and am not a party to this action.  On the below date, by the method noted below, I served the following document(s):

**ANSWER OF DEFENDANT FOOT LOCKER RETAIL, INC. TO PLAINTIFF'S COMPLAINT**

on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Norman B. Blumenthal (SBN 68687)          Attorney for Plaintiff:  *JOHN GHATTAS*
Kyle R. Nordrehaug (SBN 205985)
Aparajit Bhowmik (SBN 248066)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA  92037
Tel:    (858) 551-1223
Fax:    (858) 551-1232
Email: norm@bamlawlj.com;
         kyle@bamlawlj.com; aj@bamlawlj.com


☒     **BY MAIL:**  By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the ordinary course of business for collection and mailing on this date at Miller Law Group, 111 Sutter Street, San Francisco, California. I declare that I am readily familiar with the business practice of Miller Law Group for collection and processing of correspondence for mailing with the United States Postal Service and that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 7, 2013 at San Francisco, California.

_KC Davis_ (signature)
KC DAVIS

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**Exhibit C**

EXHIBIT D

1   Tracy Thompson (SBN 88173)
      *tt@millerlawgroup.com*
2   M. Michael Cole (SBN 235538)
      *mmc@millerlawgroup.com*
3   MILLER LAW GROUP
4   A Professional Corporation
    111 Sutter Street, Suite 700
5   San Francisco, CA 94104
    Tel. (415) 464-4300
6   Fax (415) 464-4336

7
8   Attorneys for Defendant
    FOOT LOCKER RETAIL, INC.

9
                        SUPERIOR COURT OF CALIFORNIA
10
                          COUNTY OF LOS ANGELES
11

12

13   JOHN GHATTAS, an individual, on behalf of        Case No.:  BC499530
     himself and on behalf of all persons similarly
14   situated,
                                                      **NOTICE TO SUPERIOR COURT AND TO**
15             Plaintiff(s),                          **ADVERSE PARTY OF REMOVAL OF**
                                                      **ACTION TO FEDERAL COURT**
16
     v.
17
     FOOT LOCKER RETAIL, INC., a New York
18   Corporation; and DOES 1 through 50,
     inclusive,                                       Complaint filed:  January 25, 2013
19
               Defendant(s).
20

21

22   TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFF:

23

24             PLEASE TAKE NOTICE THAT, on March 8, 2013, Defendant FOOT LOCKER

25   RETAIL, INC., filed in the United States District Court for the Central District of California its

26   Notice of Removal of Action from State Court pursuant to Federal Question Jurisdiction Under

27   28 U.S.C. §§ 1331 and 1441 (Federal Question) ("Notice of Removal").  A copy of the Notice

28   of Removal is attached to this Notice as **Exhibit A**.

Exhibit D

1    PLEASE TAKE FURTHER NOTICE THAT, pursuant to 28 U.S.C. § 1446(d), the

2    filing of said Notice of Removal in the United States District Court, together with the filing of

3    this Notice to Superior Court and the Adverse Party, effects the removal of this action, and

4    that this Court is directed to "proceed no further unless and until the case has been

5    remanded." 28 U.S.C. § 1446(d).

6

7

8    Dated:  March 8, 2013                    MILLER LAW GROUP
                                             A Professional Corporation
9

10

11                                           By: _____
                                                 Tracy Thompson
12                                               M. Michael Cole
                                                 Attorneys for Defendant
13                                               FOOT LOCKER RETAIL, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
4838-3886-0051, v.  1

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

Exhibit D

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## CV13- 1678 PA (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

JOHN GHATTAS, an individual, on behalf of himself and on behalf of all persons similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

FOOT LOCKER RETAIL, INC., a New York Corporation; and DOES 1 through 50, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Norman B. Blumenthal (SBN 68687); Kyle R. Nordrehaug (SBN 205985)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara, La Jolla, CA  92037
Tel: (858) 551-1223; Fax: (858) 551-1232

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Tracy Thompson (SBN 88173); M. Michael Cole (SBN 235538)
MILLER LAW GROUP, A Professional Corporation
111 Sutter Street, Suite 700, San Francisco, CA 94104
Tel. (415) 464-4300; Fax (415) 464-4336

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes  ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(1) Unfair Competition, Cal. Bus. & Prof. Code Secs. 17200; (2) Failure to Pay Overtime, Cal. Lab. Code Sec. 510; (3) Failure to Provide Accurate Statements, Cal. Lab. Code Sec. 226; (4) Failure to Pay Wages When Due, Cal. Lab. Code Secs. 201, 202 and 203; and (5) Failure to Pay Overtime Compensation, 29 U.S.C. Sec. 201, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☒ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-01678**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                                    CIVIL COVER SHEET                                    Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: March 8, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |