JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GHATTAS, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FOOT LOCKER RETAIL, INC., a New York corporation,<br><br>    Defendant. | CV 13-1678 PA (JPRx)<br><br>JUDGMENT |

Pursuant to the settlement agreement ("Settlement Agreement") between plaintiff John Ghattas ("Plaintiff") and defendant Foot Locker Retail, Inc. ("Defendant"), the Court's July 15, 2013 Minute Order granting the Motion for Preliminary Approval of Class Action Settlement, and the Court's November 18, 2013 Minute Order granting the Motions for Final Approval of Class Action Settlement and for Attorneys' Fees,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

    1.    Capitalized terms in this Judgment shall have the same meaning as in the Settlement Agreement unless indicated otherwise; and

    2.    The following persons are certified as members of the settlement class:

        A.    "Settlement Class" means the California Settlement Class and the FLSA Settlement Class, collectively. There are thirty-five (35) members

|     |     |                                                                                                                                                                                                                                                                                                                                                                                                                 |
| --- | --- | --- |
| 1   |     | [("Settlement Class Members")] in the Settlement |
| 2   |     | Class. . . . |
| 3   | B.  | "California Settlement Class" means all Assistant Managers, Managers in Training, and/or Managers in Waiting who worked for Champs Sports, a division of Foot Locker Retail, Inc., in California during the period January 25, 2009, through the Release Date, and who received one or more bonus payments pursuant to the Sales Compensation Pilot Program where such bonus payments were not factored into the calculation of the regular rate. . . . |
| 12  | C.  | "FLSA Settlement Class" means all Assistant Managers, Managers in Training, and/or Managers in Waiting who worked for Champs Sports in California in during the period January 25, 2010, through the Release Date, who received one or more bonus payments pursuant to the Sales Compensation Pilot Program where such bonus payments were not factored into the calculation of the regular rate, and who have previously opted into the Action by filing with the Court and/or providing to Class Counsel a Consent to Join Collective Action, or who are members of the California Settlement Class and submit a Claim Form and Release in accordance with the terms of this Joint Stipulation. . . . |

    D. Excluded from the settlement are:

> [A]ny and all claims, whether based on federal or state law, whether known or unknown, for wages, actual damages, statutory damages, statutory or civil penalties, liquidated damages or other premium compensation, restitution, or punitive damages arising from alleged off the clock time spent in complying with security bag check policies and procedures, including but not limited to claims under California Labor Code sections 201, 202, 203, 204, 226, 510, 1194, 1198 and 2698 et seq., and Business and Professions Code section 17200 et seq. . . . ; and

  3. As of the Effective Date as defined in the Settlement Agreement, each and every Released Claim of each Settlement Class Member is and shall be deemed to be conclusively released as against the Releasees (as defined in the Settlement Agreement) for the entirety of the Class Period.  Except for rights or claims created by the Settlement Agreement, as of the Effective Date, all Settlement Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Releasees; and

  4. The Court hereby directs the Settlement Administrator to pay all Settlement Class Members in accordance with the terms of the Settlement Agreement; and

  5. The Court awards an enhancement payment of $5,000.00, to be paid to John Ghattas according to the terms of the Settlement Agreement; and

  6. The Court orders payment to the Settlement Administrator, Gilardi & Co., LLC, for fees and expenses, the amount of $4,000.00 pursuant to the Settlement Agreement; and

  7. The Court approves payment to the California Labor and Workforce Development Agency in the amount of $1,875.00; and

8. The Court awards attorneys' fees in the amount of $26,250.00 and $6,000.00 in costs, as supported by declaration, to be paid to Class Counsel according to the terms of the Settlement Agreement; and

9. The Excluded Claims, which are alleged claims "arising from alleged off-the-clock time spent in complying with security bag check policies and procedures" are dismissed without prejudice.

IT IS SO ORDERED, ADJUDGED, AND DECREED

DATED: November 18, 2013

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE